## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| USHA SAGARWALA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-2860 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| L. FRANCIS CISSNA, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Usha Sagarwala is a citizen of India who has lived in the United States since 2012 on an H-1B visa, a status granted to foreign citizens employed in "specialty occupation[s]." 8 U.S.C. § 1101(a)(15)(H)(i)(B). But when Sagarwala sought to change jobs in 2018, the United States Citizenship and Immigration Services ("USCIS") concluded that her new position did not constitute a "specialty occupation" and denied her prospective new employer's petition to extend her visa. In this lawsuit brought against USCIS's Director, Sagarwala argues that the denial of the H-1B petition violated the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 706. Presently before the Court is Sagarwala's motion for a preliminary injunction that would, for the duration of the lawsuit, grant her all of the benefits she would have received if the visa petition had been granted. As explained below, the Court denies this motion without taking a position on the merits of Sagarwala's underlying APA claim, because irrespective of the merits, Sagarwala has failed to substantiate her allegations of irreparable harm with specific factual information. Injunctive relief is thus inappropriate at this juncture.

Before turning to the preliminary injunction motion, however, the Court must first briefly address a jurisdictional challenge that the USCIS Director has raised. The Director contends that Sagarwala lacks standing to challenge the denial of the H-1B petition because she was merely the beneficiary of the petition, which her prospective new employer submitted on her behalf. According to the Director, because Sagarwala was not the party who actually submitted the petition, she lacks a sufficient personal stake in the outcome of this case to invoke federal court jurisdiction. But this Court has already rejected a similar argument in another case and held that a visa beneficiary has standing to bring a judicial challenge to USCIS's denial of an H-1B petition submitted on his or her behalf. *See Stellar IT Sols., Inc. v. USCIS*, No. 18-2015, 2018 WL 6047413, at *5 (D.D.C. Nov. 19, 2018). Like the plaintiff in that case, Sagarwala has suffered an injury-in-fact—the loss of her lawful ability to work in this country—that is traceable to USCIS's denial of the petition and redressable by a favorable ruling from this Court. She therefore has standing. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (general Article III standing requirements); *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015) (holding that foreign citizen had standing to challenge revocation of I-140 petition that her employer filed on her behalf); *Kurapati v. USCIS*, 775 F.3d 1255, 1259–60 (11th Cir. 2014) (same).[1]

---

[1] The Director further argues that, even if Sagarwala has Article III standing, she still is not within the "zone of interests" that the APA protects in this context. The zone of interests test is irrelevant for standing, though, and is not a jurisdictional consideration. *See, e.g.*, *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 319 (D.C. Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–128 (2014)). Rather, zone of interests is "a merits issue.'" *Id.* (quoting *United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015)). As the Court already said, it is taking no position on the merits of this case at this time, but the Court does note that other courts have rejected the argument that a visa beneficiary falls outside the zone of interests protected by the visa petition process. *See, e.g.*, *Kurapati*, 775 F.3d at 1260–61 (11th Cir. 2014); *Patel v. USCIS*, 732 F.3d 633, 636–37 (6th Cir. 2013).

With that out of the way, the Court now turns to the familiar preliminary injunction standard. "A party seeking a preliminary injunction must make a 'clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest.'" *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)). For years, courts in this circuit weighed these factors through application of a "sliding-scale" approach, under which "a strong showing on one factor could make up for a weaker showing on another." *Id.* at 7 (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)). But the validity of that approach is now in doubt following the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *See, e.g.*, *Sherley*, 644 F.3d at 392–93. The D.C. Circuit has "suggested, without deciding, that *Winter* should be read to abandon the sliding-scale analysis in favor of a 'more demanding burden' requiring plaintiffs to independently demonstrate both a likelihood of success on the merits and irreparable harm." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) (citing *Sherley*, 644 F.3d at 392–93; *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)).

And even before *Winter*, courts in this circuit consistently stressed that "a movant must demonstrate 'at least some injury' for a preliminary injunction to issue." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *CityFed Fin. Corp. v. OTS*, 58 F.3d 738, 747 (D.C. Cir. 1995)). Thus, "if a party makes no showing of irreparable injury, the court may deny the motion without considering the other factors." *Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) (quoting *CityFed Fin. Corp.*, 58 F.3d at 747); *see*

*also Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 ("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."). The movant's burden is also a heavy one: The D.C. Circuit "has set a high standard for irreparable injury," *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297, and a "prospective injury that is sufficient to establish standing . . . does not necessarily satisfy" that standard, *Cal. Ass'n of Private Postsecondary Schs. v. DeVos (CAPPS)*, 344 F. Supp. 3d 158, 170 (D.D.C. 2018). Instead, the "injury must be unrecoverable; it must be 'both certain and great; [and] it must be actual and not theoretical.'" *Id.* (alteration in original) (quoting *Wis. Gas. Co. v. Fed Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

The general rule is that "economic loss does not, in and of itself," suffice. *Air Trans. Ass'n of Am., Inc. v. Exp.-Imp. Bank of the U.S.*, 840 F. Supp. 2d 327, 335 (D.D.C. 2012) (quoting *Wis. Gas. Co.*, 758 F.2d at 674). A narrow exception to this rule might exist in cases, such as this one, where the allegedly offending party is a government entity that enjoys sovereign immunity from claims for money damages. *See CAPPS*, 344 F. Supp. 3d at 170 ("To be sure, economic loss sustained due to a federal administrative action is typically 'uncompensable' in the sense that federal agencies enjoy sovereign immunity, and the wavier of sovereign immunity in the APA does not reach damages claims."); 5 U.S.C. § 702 (authorizing actions "seeking relief other than money damages"). But even in those cases, damages are not *per se* irreparable. Otherwise the irreparable harm requirement would be virtually nonexistent in cases against the government: "Any movant that could show any damages against an agency with sovereign immunity—even as little as $1—would satisfy the standard." *Air Transport Ass'n of Am.*, 840 F. Supp. 2d at 335.

For this reason, to be legally cognizable, "an asserted 'economic harm' must 'be *significant*, even where it is irretrievable because a defendant has sovereign immunity.'" *CAPPS*, 344 F. Supp. 3d at 170 (emphasis added) (quoting *Air Transp. Ass'n of Am.*, 840 F. Supp. 2d at 335). "[T]he loss 'must . . . be serious in terms of its effect on the plaintiff.'" *Id.* (omission in original) (quoting *Gulf Oil Corp. v. Dep't of Energy*, 514 F. Supp. 1019, 1026 (D.D.C. 1981)). In this context, "'broad conclusory statements' about the likelihood of harm" are not enough either. *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 102 (D.D.C. 2014) (quoting *Cornish v. Dudas*, 540 F. Supp. 2d 61, 65 (D.D.C. 2008)). The movant must instead "*substantiate* the claim that irreparable injury is likely to occur." *CAPPS*, 344 F. Supp. 3d at 171 (internal quotation marks omitted) (quoting *Wis. Gas. Co.*, 758 F.2d at 674).

Here, Sagarwala's claimed injuries all arise out of economic harm; her motion does not allege that she is now legally prohibited from residing in the United States.[2] *Cf. Stellar IT*, 2018 WL 6047413, at *11 (finding that plaintiff who was, as a result of H-1B denial, "without legal status at this moment and could, by law, be placed in removal proceedings at any time" had established irreparable harm). Sagarwala instead contends that, because she cannot legally work in this country without H-1B status, she is currently unable to afford to pay her mortgage and for other necessities. She claims that she will thus have no choice but to return, with her daughter,

---

[2] On April 16, 2019, four months after filing her motion for preliminary injunction, Sagarwala filed a notice with the Court indicating for the first time that, as a result of the H-1B denial, she will be legally prohibited from residing in the United States beginning on April 30, 2019. *See* ECF No. 19. As this notice is devoid of detail or legal support, and the USCIS Director has not yet had an opportunity to respond to it, the Court declines to consider it at this time. The Court will, however, permit Sagarwala to renew her motion for preliminary injunction based on this new claimed harm if she so chooses. Of course, such a renewed motion would be held to the standards articulated in this opinion: to prevail, Sagarwala would need to substantiate the asserted harm with specific facts.

to India, where she will be unable to find work that pays enough to keep her house and car in the United States while also covering her living expenses in India.

The Court is sensitive to the apprehensions Sagarwala may be experiencing as a result of her loss of H-1B status, but the problem for purposes of her motion for preliminary injunction is that she has provided virtually no specific factual information to substantiate her claim. The only piece of evidence that Sagarwala has submitted on this issue is a short declaration that focuses mostly on what will happen *if* she is forced to go back to India. The declaration says little about *why* Sagarwala would need to leave in the first place, though—much less why she would need to leave *imminently*. The declaration states only that she "rel[ies] on [her] salary to pay" her $3,711 monthly mortgage and other expenses; it does not specify how much she relies on it. Decl. of Usha Sagarwala ¶ 7, ECF No. 2-2. Indeed, the declaration provides no information whatsoever about Sagarwala's household income (she is married) or her current financial situation. *See id.* ¶¶ 5–8. The Court of course understands that the loss of Sagarwala's salary would naturally impact her family's economic circumstances, but she cannot meet her burden without "specific details regarding the extent" of that impact. *CAPPS*, 344 F. Supp. 3d at 171 (quoting *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Res. Syst.*, 773 F. Supp. 2d 151, 181 (D.D.C. 2011)). Only with such specific details can the Court know the *significance* of the injury "in terms of its effect" on Sagarwala. *Air Transport Ass'n of Am.*, 840 F. Supp. 2d at 334 (quoting *Hi–Tech Pharmacal Co. v. FDA*, 587 F. Supp. 2d 1, 11 (D.D.C. 2008)). And only with such details can the Court be confident that Sagarwala's injury is so certain and so imminent that there is a "clear and present need for extraordinary equitable relief to prevent [the] harm." *GEO Specialty Chems., Inc. v. Husisian*, 923 F. Supp. 2d 143, 147 (D.D.C. 2013) (quoting *Power Mobility Coal. v. Leavitt*, 404 F. Supp. 2d 190, 204 (D.D.C. 2005)).

Absent specific details, all the Court has here are "[b]are allegations of what is likely to occur"—which are "of no value" on consideration of a motion for preliminary injunction. *CAPPS*, 344 F. Supp. 3d at 171 (alteration in original) (quoting *Wis. Gas. Co.*, 758 F.2d at 674). Sagarwala has thus failed to make any showing of irreparable injury, and the Court concludes that injunctive relief is inappropriate without considering the other relevant factors. *See, e.g.*, *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297. Sagarwala's motion for preliminary injunction is accordingly **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: April 16, 2019                                    RUDOLPH CONTRERAS
                                                        United States District Judge